Dear Mr. Long:
You requested the opinion of this office concerning the disposition of administrative fees received pursuant to cooperative endeavor agreements authorized by Act No. 143 of the First Extraordinary Session of the 2000 Louisiana Legislature ("Act 143").
Act 143 provides for the receipt of Medicaid Enhancement Pool payments made by the Department of Health and Hospitals ("DHH") to Qualified Public Providers (the `providers') enrolled in the Louisiana Medicaid Assistance Program (`Medicaid') to provide funding of the State's Medicaid Trust Fund for the Elderly (the `Fund') in order to further the health, safety and welfare of the elderly and infirm citizens of the State and its respective parishes. Participation under the Act entails the execution of various Cooperative Endeavor Agreements which were designed to implement the DHH Intergovernmental Transfer Program (the `program'), which provides for the retention by the Providers of an administrative fee equal to one-half of one percent (0.5%) of funds received pursuant to the Program. The remaining 99.5% of the funds are forwarded to the Police Jury who returns that amount to the State Treasury.
The Program requires the cooperation and concurrence of both the Provider and the Parish governing authority. The Provider in Natchitoches Parish is the Natchitoches Parish Hospital, acting through the Natchitoches Parish Hospital Service District (the `District'), a political subdivision of the State of Louisiana. The governing authority of the Parish of Natchitoches is the Natchitoches Parish Police Jury (the `Police Jury').
You advised that the Police Jury proposed a resolution whereby the 0.5% administrative fee will be equally divided between the Police Jury and the District. The resolution was approved subject to receipt of an opinion from this office that the sharing of the administrative fee between the Provider and the Police Jury does not violate any state or federal statutes or regulations and is therefor legal and proper.
You further advised that the fee division arrangement between the District and the Parish will be accomplished by a written Cooperative Endeavor Agreement which Agreement will incorporate by reference the terms and restrictions set forth in the Cooperative Endeavor Agreement required for participation in the Program. This Cooperative Endeavor Agreement between the District and the Parish will further confirm that the Parish will use its one-half portion of the 0.5% administrative fee for public purposes furthering the health, safety and welfare of the citizens of the Parish, although the Agreement makes no representation that the Parish's portion of the funds will be used in whole or in part for public purposes restricted to the needs of the elderly and infirm.
The questions presented in your request are: (1) is the equal division of the 0.5% administrative fee legally permissible under currently prevailing state and federal law; and (2) if the fee division is permissible, does state law place any restrictions on the use of the Parish's portion of the fee for public purposes furthering the health, safety and welfare of its citizens.
Act 143 enacts R.S. 46:2691 and 2692. R.S. 46:2691(A) provides for the creation of the Fund while Subsection (B) specifies the permissible uses of the principal in the Fund, which include:
 "(a) The re-basing of nursing homes in accordance with the approved state Medicaid plan.
 (b) The development and funding of a case mix reimbursement system for the Medicaid nursing home program.
 (c) The payment of all costs of local governments for their participation in the intergovernmental transfer program.
 (d) The enhanced payment to any local government owned health care facilities or health care programs in amounts as required by written agreements between the secretary and the local governments which are recommended by the Intergovernmental Transfer Subcommittee created and established in R.S. 46:2692
and approved by the governor and the Joint Legislative Committee on the Budget." (Emphasis added)
R.S. 46:2691(B) does not specify the amount of the administrative fee or to whom the fee should be paid, provided that the payments are made to local government under R.S. 46:2691(B)(1)(c) or to local governmental health care facilities under R.S. 46:2691(B)(1)(d). The amount of the administrative fee was set by the Intergovernmental Transfer Subcommittee (the "IGT Subcommittee") of the Joint Legislative Committee on the Budget (the "JLCB") and approved by the full JLCB.
We have not found any prohibition preventing the Provider from sharing with the Police Jury the administrative fee it received as a result of participating in the Program. You also questioned whether such sharing would violate federal law. The undersigned is not an expert in Medicaid law and cannot opine on issues of federal law. During the preparation of the Cooperative Endeavor Agreements and in order to research your request, the undersigned contacted an expert in Medicaid law who is a consultant to DHH, and posed your question. The undersigned was advised both times that the sharing of the administrative fee between the District and the Police Jury would not be violation of the Medicaid laws or regulations. We have no reason to take issue with that opinion.
As to your question concerning the permissible uses of the administrative fee, while there is no specific statutory direction, we would suggest that the purpose of the Program was to aid the elderly and infirm of the State of Louisiana and it would be most appropriate if the administrative fees were used for that purpose.
Trusting this adequately responds to your request, we remain
 Yours very truly, RICHARD P. IEYOUB Attorney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
Date Received:
Date Released: August 23, 2001